## J. C. McNeil v. Mary L. Chinn, Guardian.

Decided March 18, 1907.

**1.—Life Insurance Policy—Interest of Beneficiary—Right to Divest Same.**

While it is true that in an ordinary life insurance policy the beneficiary named has a vested interest which the insured can not divest, still this rule does not obtain where the right to change the beneficiary or to assign the policy is expressly reserved to the insured in the contract of insurance.

**2.—Prescribed Form of Assignment.**

The forms prescribed in a policy of insurance for an assignment of the same or for a change in the beneficiary are intended for the protection of the insurer alone and may be waived by it, and therefore, in the absence of objection by the insurer, an instrument which clearly expresses the intention of the insured to assign the policy and change the beneficiary, although not executed in the prescribed form and manner, will be enforced.

Appeal from the District Court of Colorado County. Tried below before Hon. M. Kennon.

*Bryan & McRae,* for appellant.—The court erred in not rendering judgment for the defendant, because the undisputed facts showed that the vested interest in the policy of insurance was in the assured, H. W. Chinn, and not in the beneficiary, Gertrude M. S. Chinn, and therefore the assured had the right either to assign the policy or designate a new beneficiary without the consent of the said Gertrude M. S. Chinn; and the Provident Savings Life Assurance Society alone could take any advantage of the failure on the part of the assured to assign the policy or change the beneficiary by any other method than that provided by the society. Rev. Stats., art. 308; Lakeview Land Co. v. San Antonio Traction Co., 95 Texas, 252; Coleman v. Anderson, 11 Texas Ct. Rep., 255, 12 Texas Ct. Rep., 638, 98 Texas, 576; Hildebrandt v. Ames, 66 S. W. Rep., 131; Males v. W. O. W., 70 S. W. Rep., 110; Splawn v. Chew, 60 Texas, 532; Washington Life Ins. Co. v. Berwald, 97 Texas, 115-117; Mente v. Townsend, 59 S. W. Rep., 41; Martin v. Stubbins, 126 Ill., 387 (9 Am. St., 620); Nally v. Nally, 74 Ga., 669 (58 Am. Rep., 458); La Marche v. New York L. Ins. Co., 126 Cal., 503; Hopkins v. Northwestern Life Ins. Co., 99 Fed. Rep., 199.

*J. C. Kindred,* for appellee.—In support of the judgment of the court, cited: Splawn v. Chew, 60 Texas, 532; Irwin v. Travelers' Ins. Co., 39 S. W. Rep., 1097; Scobey v. Waters, 10 Lea, 551; Washington Life Ins. Co. v. Berwald, 8 Texas Ct. Rep., 352; Washington Life Ins. Co. v. Berwald, 6 Texas Ct. Rep., 919.

REESE, Associate Justice.—This suit was instituted in the District Court by Mary L. Chinn, guardian of Gertrude M. S. Chinn, to recover the possession of a certain paper writing denominated a policy of life insurance procured to be issued by the Provident Savings Life Assurance Society of New York for $2,000, by H. W. Chinn, the father of said Gertrude, upon his life, in favor of said Gertrude. The Life Assurance Society stands ready to pay the amount due upon the policy

to whomsoever may be determined, by final judgment in this cause, to be the owner of the policy. The case was tried in the court below upon an agreed statement of facts, upon which the court rendered judgment for plaintiff from which defendant appeals. The trial court adopted as its findings of fact the agreed statement of facts upon which the case was tried.

The policy in question was an ordinary life insurance policy for $2,000, issued by the Provident Savings Life Assurance Society of New York to H. W. Chinn and payable at his death to his daughter, Gertrude M. S. Chinn, or her legal representatives or assigns "subject to the right of the assigned to change the beneficiary." The following provisions of the policy upon which the controversy turns are copied in full:

"This policy is issued in favor of the beneficiary or beneficiaries specified in the first page hereof, with the express understanding that, if this policy shall not then be assigned, the assured may change the beneficiary at any time during the continuance of this policy by filing with the society a written request, duly acknowledged, such change to take effect upon its endorsement on this policy by the society.

"Any assignment of this policy must be in writing, and a duplicate thereof must be furnished the society. Any claim arising under an assignment shall be subject to satisfactory proof of insurable interest existing at the death of the assured, and the society shall be liable to the assignee to the extent of that interest only; but the society will not assume any responsibility for the validity of any assignment."

Other facts agreed upon are as follows: The plaintiff, Mary L. Chinn, is the duly appointed, qualified and acting guardian of the estate of her minor child, Gertrude M. S. Chinn, under and by virtue of the appointment of the Probate Court of Colorado County, Texas. Henry Withers Chinn was the father of said minor, Gertrude M. S. Chinn, and the husband of the plaintiff, Mary L. Chinn. The said Henry Withers Chinn died about April 2, 1905, and that there is no administration pending upon his estate. The said Henry Withers Chinn was indebted to the defendant, J. C. McNeil, in the sum of $2,500 upon promissory note of date February 17, 1903, and was so indebted at the time of his death, subject only to the said credits of two years interest as alleged in the defendant, McNeil's, answer and cross bill. The said H. W. Chinn, the insured in said policy, for the purpose of securing the defendant, McNeil, in the payment of his note for $2,500, delivered to McNeil the said policy of insurance, together with written transfer thereof, reading as follows:

"Cameron, Texas, February 21, 1903.

"In consideration of the use of $2,500 to me paid by J. C. McNeil, of Brazoria, Texas, same being by me due, and evidenced by my note of date February 17, 1903, I hereby transfer, and by these presents do deliver and transfer to said J. C. McNeil, his heirs and assigns, all right, title and interest in and to certain life insurance policy, for the sum of $2,000, and issued by the Mutual Reserved Fund Insurance Company of New York, the number of said policy being 84493, and the same being now in the hands of said J. C. McNeil, having been delivered by me to him.

"In the event of my death I hereby authorize and empower said J. C. McNeill, his heirs and assigns, to collect said policy, and to apply the same, or so much as may be necessary, to the payment of my said note, or any part thereof, the balance, if any, to be paid to my wife, Mary L. Chinn; I also hereby instruct the officers of said insurance company to pay the same as above directed to said J. C. McNeill, or his assigns, hereby acknowledging said J. C. McNeill's right to colllect same, and authorizing him to sign all necessary papers in so doing.

"I further agree to keep all premiums paid up as they shall fall due.

"Witness my hand this day and date above.

H. W. Chinn."

The description of the policy as having been issued by the Mutual Reserved Fund Insurance Company of New York was a clerical error or oversight, and the transfer referred to the said policy in the Provident Life Assurance Society of New York, and to no other policy, and was intended by both parties to apply to said policy in the Provident Savings Life Assurance Society of New York.

J. C. McNeill filed with the Provident Savings Life Assurance Society of New York, on or about May 2, 1905, a true copy of the above transfer or assignment or designation of a beneficiary made by H. W. Chinn, the insured, dated February 21, 1903.

The insurer, the Provident Savings Life Assurance Society of New York, is ready and willing to pay the amount of said policy number 84493, to either the plaintiff or the defendant, or to pay the same into court; and upon the final judgment being rendered in this case, said society will pay the proceeds of said policy to the party adjudged by the court to be entitled thereto, it being a matter of indifference to the Provident Savings Life Assurance Society of New York to whom the policy is paid, provided the society is released from any further liability thereon.

The only property belonging to the estate of said H. W. Chinn which would be subject to the defendant, McNeill's, said indebtedness, is the property referred to in the note as having been purchased by the money borrowed by said Chinn and upon which said McNeill has a lien; and which property consists of a house and lot in the town of Ganado, Jackson County, Texas, and is not now of a value of more than four hundred dollars, and that the proceeds of this policy now in litigation and the proceeds of said property would not be sufficient to pay all the amount now due defendant McNeill upon his note.

The defendant, J. C. McNeill, made the proofs of loss and of the death of said H. W. Chinn to the satisfaction of said Provident Savings Life Assurance Society of New York, at his own expense.

Upon these facts the court found, as a conclusion of law, that the beneficiary named in the policy had a vested interest in the policy subject to be divested only in the manner provided therein, that is, by changing the beneficiary in the manner provided in the policy, and that the insured had no authority to change the beneficiary by an assignment of the policy, and the attempted assignment is void.

There is no question that in an ordinary life insurance policy, with

no reservation to the insured of a right to change the beneficiary, or to assign the policy, or otherwise divert the proceeds, the beneficiary named in the policy takes a vested interest in the policy which can not be divested by any act of the insured. (Splawn v. Chew, 60 Texas, 534; Irwin v. Traveler's Ins. Co., 16 Texas Civ. App., 685, cited with approval in Washington Life Ins. Co. v. Berwald, 97 Texas, 115.)

The right, however, to change the beneficiary or to assign the policy may be reserved by the insured, in the contract of insurance, and whatever right or interest the beneficiary named has in the policy must be held subject to the right so reserved to himself by the insured. Such right has been defined as "an expectancy" or "an inchoate or unexecuted gift, revocable at any moment by the donor and remaining wholly within his control." (Coleman v. Anderson, 98 Texas, 576.)

The clause in the policy with regard to an assignment of the policy relates, we think, to such assignment by the insured and was limited by the terms of the assignment to such person or persons as should have an insurable interest in the life of the insured. The provision that the society shall be liable to the assignee, in case of such assignment, only to the extent of such insurable interest, points clearly to an assignment by the insured to a creditor, as appellant was in the present case.

There can be no doubt that it was the purpose of H. W. Chinn by the instrument executed by him, that upon his death so much of the proceeds of the policy as might be necessary to pay whatever might be then due upon his debt to appellant, should go to him for that purpose and that the balance should go to his wife, Mary L. Chinn. If, at his death, there should be nothing due on this debt, it is clear that it was the purpose of the insured to change the beneficiary as to the entire amount of the policy, designating his wife instead of his child as the person to receive the same.

In executing the instrument referred to and delivering the policy to appellant, it is true that H. W. Chinn did not comply exactly with the form prescribed in the policy for either an assignment or a change of beneficiary, but these forms are for the benefit or protection alone of the insurer, and may be waived by it. (Coleman v. Anderson, *supra,* 19 Am. and Eng. Ency. of Law, 96; Hewins v. Baker, 161 Mass., 320; Martin v. Stubbings, 9 Am. St. Rep., 628-9; Nally v. Nally, 74 Geo., 669.)

The insurer by its agreement, as set out in the agreed statement of facts, waives whatever objections it might have interposed to the payment of the amount of the policy in accordance with the intentions of the insured, on account of any irregularity there may be in the manner in which such intention and purpose may have been expressed, or departure from the form provided in the policy. Appellant had, and has, an insurable interest in the life of H. W. Chinn as a creditor, and that interest extends to the whole amount of the policy.

Whether the instrument executed by Chinn was intended to be an assignment of the policy, or a change in the beneficiary thereunder, is not material. It appears to partake of the nature of both, an assignment to appellant to the extent of the amount that might be due to him at Chinn's death, and as to the balance a change of the beneficiary

to his wife. In either case we think that the effect was to entitle ap-- pellant to hold and collect the policy.

We are of the opinion that the trial court erred in rendering judg- ment for appellees and that the judgment should be reversed and here rendered for appellant.

*Reversed and rendered.*