6579

## HOLDER v. PRUDENTIAL INSURANCE CO.

1. INSURANCE.—Rights of beneficiary are vested as soon as contract of insurance is entered into, and the right to change beneficiaries does not include the power to surrender and cancel without the consent of beneficiaries.

2. EVIDENCE—PRESUMPTIONS.—Under facts in this case, charge that receipt of policy by mail was presumptive of acceptance was not prejudicial, if error.

3. CHARGE complained of here that it is duty of Courts to enforce and not to make contracts, as a charge on the facts, because question was whether a contract was ever made, when construed in connection with whole charge, is not on the facts.

4. REFUSAL OF NEW TRIAL moved for on ground that verdict was in face of evidence, there being evidence tending to support a verdict, is not error of law.

Before PRINCE, J., Spartanburg, July, 1906.    Affirmed.

Action by Deborah Holder, Lessie Holder and Lula Holder, by guardian, against Prudential Insurance Co. of America.    From judgment for plaintiff, defendant appeals.

*Messrs. Simpson & Bomar* for appellant, cite: *Right to change beneficiary includes right to surrender:* 2 May on Ins., sec. 399 L., 399 M.; 126 Ill., 387; 19 Fed. R., 671; 41 Fed. R., 1.; 70 Mich., 587; 113 Cal., 91; 68 Fed. R., 825; 4 Cooley on Law of Ins., 3755; 99 Fed. R., 199; 17 S. W., 864; 33 S. W., 937; 82 S. W., 420; 68 N. Y. Supp., 128.

*Mr. Stanyame Wilson,* contra, cites: *Insured cannot surrender or cancel without consent of beneficiaries:* 4 Berryman Dig., 1700, 1701; 102 N. Y., 151; 128 U. S., 200; May on Ins., 500; 3 Cooley on Ins., 2837, 2863, 2865; 4 Id., 3755, 3759.

July 8, 1907.    The opinion of the Court was delivered by

MR. JUSTICE GARY.    This is an action upon a policy of insurance, in which the complaint alleges:

"That on or about the        day of April, 1904, the defendant, by its authorized agent, R. H. Ferguson, for valuable consideration, to wit: the delivery to him for said defendant of the note of B. D. Holder, to be due November 15th, 1904, as a first premium, and of the agreement of said Holder to pay subsequent premiums as they should fall due, in accordance with the terms of said policy, agreed to insure, and thereby did insure, the life of said B. D. Holder for the benefit of the plaintiffs and Elva Holder, who thereafter predeceased him, in the sum of one thousand dollars."

The defendant in its answer says: "That at some time in April, 1904, B. D. Holder did make application for a policy in defendant's company, and that such policy was sent to the agent of said company to be delivered to him, but that the said policy was declined and was never taken and accepted by the said B. D. Holder, and that the said B. D. Holder never at any time paid to defendant or its agents any consideration therefor, and defendant alleges that at the time of the death of the said B. D. Holder, there was no policy issued by the defendant outstanding or in force upon the life of the said B. D. Holder, and defendant therefore denies that plaintiffs have any right, title or interest in the policy referred to in the complaint, or any other policy issued by the defendant company, and denies that they have any claim against this defendant on account of any such policy."

The jury rendered a verdict in favor of the plaintiffs, for the full amount of the policy and the defendant appealed.

The first assignment of error is as follows:

1. "Because the presiding Judge erred in instructing the jury that if the alleged insured, B. D. Holder, ever once accepted the policy in question, he could not afterwards surrender it without the consent of the beneficiaries therein named, when under the express terms of the policy itself, it was distinctly stipulated as follows: '*Change of beneficiary:* The insured may at any time while this policy is in force, by written notice

to the company at its home office, change the beneficiary or beneficiaries under this policy, such change to take effect only upon indorsement of the same on the policy by the company, whereupon all rights of the former beneficiary or beneficiaries shall cease: *provided,* however, that the insured shall have attained to majority according to the laws of the State in which the insured resides, and that no such change of beneficiary shall be valid if the policy or any interest therein be assigned at the time of such change'—the error being, that the right was reserved by the insured to change the beneficiaries, and this included the right, so far as such beneficiaries were concerned, to surrender and cancel the policy, it was error of law to charge the jury to the contrary of this."

The policy does not provide for a surrender thereof for the purpose of cancellation, but simply for a change of the beneficiary, upon compliance with the requirements therein prescribed.

In 2 May on Insurance, section 399—L, the rule is thus stated: "The beneficiary takes a vested interest the moment the policy is issued, unless the agreement by charter or otherwise contains a provision inconsistent with such construction. A life policy and the money that may become due on it belong, the moment it is issued, to the beneficiary named in it, and the person procuring the insurance has no power by deed, assignment, or will, surrender of a policy and issue of a new one, or by other act, to transfer the interest to any one else. His right cannot be affected by any acts of the assured subsequent to the execution of the policy, except it be a breach of condition; unless by charter or otherwise, it is a part of the original agreement that the beneficiary may be changed, or the beneficiary and the person procuring the insurance enter into an agreement, as to what control each shall exercise over the policy. Then the indefeasible interest otherwise vesting in the beneficiary may not arise. If A. takes out a policy for his children, the interest vests in them, and if A. afterwards surrenders the policy on

receiving the cash value of it, he is liable to the children for the amount. No admissions of the assured subsequent to the policy are admissible against the beneficiary."

In *Cent. Bank* v. *Hume,* 128 U. S., 195, 206, the Court says: "It is indeed the general rule that a policy, and the money to become due under it, belong, the moment it is issued, to the person or persons named in it, as the beneficiary or beneficiaries, and that there is no power in the person procuring the insurance, by any act of his, by deed, or by will to transfer to any other person, the interest of the person named."

See also the copious note to the case of *Union Cent. I,. Ins. Co.* v. *Buxer,* 49 L. R. A. (Ohio), 737.

These authorities clearly show that the rights of the beneficiaries became vested as soon as the insurer and the insured entered into the contract, and were not subject to be divested unless there was strict compliance with the requirements of the policy in this respect.

The right to change the beneficiary is quite different from the right to surrender the policy for the purpose of cancellation; the former contemplates merely a modification, or amendment, and the continued existence of the policy, while the latter, its utter destruction—two vitally different propositions. This exception is overruled.

The second exception is as follows:

2. "Because it was error for the presiding Judge to instruct the jury as follows: 'If this policy was ever delivered by the company and accepted by Holder, then I charge you that Holder cannot surrender the policy without the consent of the beneficiaries. That the insurance will be in force from the moment that Holder accepted this policy. Not the moment necessarily that it came into his hands, because he might not have accepted it. But the mere fact that he received it by mail would of itself be presumptive evidence, if there was nothing else, that he had accepted it.' And again, as follows: 'I charge you that in the absence of any showing to the contrary, the fact

that he received it will be presumptive evidence that he accepted it, and that it had been delivered by the company to him,' the error being: .(a) It is not true that the mere fact that Holder received this policy by mail, if he did so receive it, would of itself be presumptive evidence, if there was nothing else, that he had accepted it, and it was error to so instruct the jury. (b) To instruct the jury that the mere receipt of a policy by mail would of itself be presumptive evidence of an intention to receive and accept such policy was a charge upon the facts, in violation of section     article of the Constitution of the State of South Carolina."

The policy was received by the insured, through the mail, on the 10th and retained until the 17th of June, 1904. The two following letters were introduced in evidence:

"June 18th, 1904.

Berryman D. Holder, Rich, S. C.

Dear Sir: I beg to inform you that we have in our possession policy No. 547255 issued on your life by the Prudential, amount $1,000, on which the premium has been paid from April 26th, 1904, to November 15th, 1904. As I stated to you in person yesterday, this policy is now in full force, and in the event of your death between the date of policy and November 15th your estate will receive full face of this policy, amounting to $1,000. If you desire we will hold this policy for you with the understanding that it belongs to you, and that it is in full force and effect.

Yours very truly,       R. H. FERGUSON,

General Agent."

. "Rich, S. C., June 20, 1904.

Mr. R. H. Ferguson, Spartanburg, S. C.

Dear Sir: I received your letter of yesterday stating that you had advanced $19.56 on my policy, and if I wished you would hold policy. You know that I told you the policy was not what I wanted; and you can hold this at your own risk, as I do not want this policy. There has been a misunderstanding somewhere, and if you wish to take this

policy and hold it, why you are at liberty to do so, and if I should die between now and November, why you could draw the insurance, but distinctly understand I do not assume any obligation whatever.          Yours truly,

(Signed)                                        B. D. HOLDER."

Two witnesses testified that the company, through Ferguson, its agent, replied to the last mentioned letter, in substance, that it would not release Holder under any circumstances until he made payment of the note, which defendant informed him it still held. It thus clearly appears that the case did not hinge upon the question of a presumption, and considering there was error, it was not prejudicial.

This exception is overruled.

The third exception is as follows:

3. "Because the presiding Judge erred in instructing the jury as follows: 'Now, Mr. Foreman, you are to pass upon the facts and apply the law to the facts and write the truth. That is all you have got to do. You and I do not make contracts for people. We carry them out, that is all'—the error being: That in using this language in reference to the issues in this case, in which the principal question was whether any contract had been made at all or not—such instruction tended to make the jury believe that in the view of the presiding Judge, the contract was made between the parties to this cause, and it was the duty of the Court and jury to enforce such contract—the instruction therefore being a charge upon the facts, in violation of section     , article     , of the Constitution of the State of South Carolina."

When that portion of the charge mentioned in this exception is considered in connection with the entire charge, it will be seen that it was free from error. This exception is overruled.

The fourth assignment of error is as follows:

4. "Because the presiding Judge erred as a matter of law in refusing the motion for a new trial, based upon the

ground that the verdict of the jury was in the face of the testimony, and that there was absolutely no testimony showing or tending to show that the policy upon which this action was brought was ever accepted by B. D. Holder or in force on his life." The testimony hereinbefore mentioned shows that this exception cannot be sustained.

The fifth exception raising the same question as that presented by the first exception, has already been disposed of.

It is the judgment of this Court that the judgment of the Circuit Court be affirmed.