7750

### DEAL v. DEAL.

INSURANCE.—The beneficiary of an insurance policy, without his consent, can only be changed in the mode provided in the policy. Nor can such change be made by an assignment of the policy, but where the policy provides that beneficiary may be changed on written request of insured and return of policy to be indorsed thereon, assignment forwarded with the policy may be accepted by insurer as a written request to change the beneficiary.

Before KLUGH, J., Richland, May, 1909. Reversed.

Action by Mary L. Deal against Margaret E. Deal and A. M. Deal. From judgment for plaintiff, defendants appeal.

*Mr. Jas. S. Verner,* for appellants, cites: *A beneficiary of an insurance policy takes a vested interest therein which can only be divested by a change of beneficiaries in the mode provided in the policy:* 77 S. C. 300; 128 U. S. 195; 54 S. E. 786; 29 S. E. 118; 63 N. J. Eq. 692; 50 N. Y. Sup. 470; 90 N. Y. Sup. 471; 218 Ill. 202; 70 S. C. 522; 73 S. C. 155; 7 Ency. 106, 109; 1 Rich. 298; 3 Strob. 196. *Assignment by insured alone carries no interest to assignee:*

*McCauley* v. *Bank,* 27 S. C.; 11 Ind. App. 335; 78 N. Y. 68; 140 N. Y. 457; 2 Cool. Briefs Law Ins. 1091; 33 Fed. R. 11; 25 Cyc. 765. *Assignment not delivered carries no interest:* 82 N. W. 535; 58 S. C. 280; 51 S. C. 103. *Action will not lie for money collected for another until demand:* 64 S. C. 254; 59 S. C. 81. *Leaving an assignment with the insurer is not presumptive of change of beneficiary:* 69 S. C. 277; 65 S. C. 296.

*Mr. Hunter A. Gibbes,* contra, cites: *Rights of beneficiary:* 9 W. R. 606; Bac. Ben. Soc. 466; 5 L. R. A. 98. *Assignment works change of beneficiary:* 5 L. R. A. 95; 59 S. W. 41; 2 Cool. Briefs on Life Ins. 1090, 1092-3, 1095, 1097; 4 Ibid. 3755-6, 3762; 84 Fed. 278; 27 C. C. A. 390; 82 Fed. R. 508; 83 Fed. 891; 31 N. Y. Supp. 875; 59 Id. 540; 178 Ill. 202; 23 Fed. 718; 11 At. R. 84; 122 Pa. 428. *Insured may change beneficiary:* Bliss on Life Ins. 318; 46 N. Y. 456; 1 New Eng. 856; 27 Minn. 193; 111 Ind. 127; 64 Ia. 534; Bac. Ben. Soc. 475, 471. *When beneficiary takes a vested interest:* 4 Cool. Briefs on Ins. 3755; 27 S. C. 215; 77 S. C. 299. *When he does not:* 4 Cool. Briefs on Ins. 3755; 68 Fed. 825; 99 Fed. 1997; 73 Pac. 875; 92 Ky. 324; 68 N. Y. Supp. 128. *What acts of insured amount to change of beneficiary:* 2 May on Ins. sec. 399; 29 S. E. 118; 9 L. R. A. 524; 62 L. R. A. 982; 5 L. R. A. 97; 19 Ency. 93; 64 L. R. A. 548; 92 Ind. 503; 51 Ind. 24; 19 Am. R. 722; 44 Am. R. 285; 9 L. R. A. 660; 95 S. W. 577; 59 S. W. 41; 99 Fed. 199; 74 Ga. 669; 92 S. W. 560; 12 Wis. 223; 23 Wis. 108; 50 Wis. 603; 78 Wis. 33; 68 Fed. 825; 39 L. R. A. 128; 9 L. R. A. 841; 31 Fed. 177; 110 Ind. 189; 64 Ia. 524; 56 Am. Dec. 742; 118 Wis. 527; 6 L. R. A. 140; 161 Mass. 58; 59 Minn. 39; 17 L. R. A. 447.

January 7, 1911. The opinion of the Court was delivered by

Mr. Justice Gary. The record contains the following statement of facts:

"The appeal herein, is from a judgment on a verdict, rendered in favor of the plaintiff-respondent, at the spring term of the Court of Common Pleas for Richland county, 1909.

"The plaintiff alleges that Dr. Samuel M. Deal, took out an insurance policy, wherein he named his mother, Margaret E. Deal, as beneficiary, and agreed with the insurance company, that in the event of his surviving the endowment period of twenty years, then the amount of the insurance policy, should be payable to him, but that in the event of his death, during the endowment period, the said policy should be payable to his mother, if she were then living, otherwise to his executors or administrators.

"In the application for the policy, and in the policy itself, the insured reserved the right to change the beneficiary, by sending the policy to the home office of the insurance company at Newark, N. J., with his written request for a change of beneficiary, so that the proper endorsement might be made by the company on the policy.

"At the time of taking out the insurance policy, Mr. Deal was unmarried and subsequently married, and thereafter, as claimed by the plaintiff, executed the assignment of the policy set out in the complaint, and sent the said assignment to the home office, of the company, but did not, however, as claimed by the defendants-appellants, send the policy to Newark, N. J., for the purpose of having the change of beneficiary noted thereon.

"Thereafter Dr. Deal died and the insurance company, not recognizing the attempted assignment, paid the proceeds thereon to the defendant, Margaret E. Deal, the beneficiary under the policy, who had gotten possession of the policy, and made up proof of death.

"The plaintiff-respondent alleged, that not only was she entitled to the proceeds of the policy, by reason of the

assignment, and by reason of the fact, that Dr. Deal had orally assigned the same to her, but also alleges, that the defendants-appellants had committed fraud against her, in obtaining the possession of the policy from her; and asked judgment not only for the amount of the policy and interest, but also for five hundred dollars as punitive damages.

"The defendants-appellants deny, both that the plaintiff is entitled to the proceeds of the policy, and that they were guilty of fraud, in obtaining possession of same, and claim that the defendant, Margaret E. Deal, was under the law, entitled to the proceeds of the policy.

"Upon the issue raised by the pleadings, the case was tried before the Hon. J. C. Klugh and a jury, and a verdict was rendered for the plaintiff, for the value of the policy with interest, * * * and judgment was duly entered upon said verdict."

The first question that will be considered, is, whether his Honor, the presiding Judge erred in charging the jury, that in order for Dr. Deal the insured, to avail himself of the privilege of changing the beneficiary, it was not necessary for him to return the policy to the company, with a written request, that the change be endorsed upon it; that he could effect a change of beneficiary, either by a written assignment, or by a delivery of the policy, with the intention of making such change.

"The beneficiary of an insurance policy has a vested right in the contract of insurance which cannot be dismissed or affected by subsequent agreements between the insurer and the insured, which are not stipulated or provided for in the original contract. The vested right of the beneficiary is subject to be divested only, in accordance with express provisions of the contract, permitting a change of the beneficiary." Syllabus by the Court in *Arnold* v. *Ins. Co.*, S. E. R. (Ga.) 470.

In 2 May on Insurance, section 399-L, the rule is thus stated: "The beneficiary takes a vested interest, the moment

the policy is issued, unless the agreement by charter or otherwise, contains a provision, inconsistent with such construction. A life policy and the money that may become due on it belong, the moment it is issued, to the beneficiary named in it, and the person procuring the insurance, has no power by deed, assignment, or will, surrender of a policy and issue of a new one, or by other act, to transfer the interest to any one else. His right cannot be affected by any acts of the assured, subsequent to the execution of the policy, except it be a breach of condition; unless by charter or otherwise, it is a part of the original agreement, thar the beneficiary may be changed, or the beneficiary and the person procuring the insurance, enter into an agreement, as to what control each shall exercise over the policy. Then the indefeasible interest otherwise vested in the beneficiary, may not arise. If A. takes out a policy for his children, the interest vests in them, and if A. afterwards surrenders the policy on receiving the cash value of it, he is liable to the children for the amount. No admission of the assured subsequent to the policy are admissible against the beneficiary."

This language is quoted with approval, in *Holder* v. *Insurance Co.,* 77 S. C. 299, 57 S. E. 853. In that case, the policy contained this provision:

"*Change of Beneficiary:* The insured may at any time, while this policy is in force, by writtten notice to the company at its home office, change the beneficiary under this policy, such change to take effect only upon endorsement of the same, on the policy by the company, whereupon all rights of the former beneficiary shall cease."

The policy now under consideration, contains the following stipulation: "The insured at any time, while this policy is in force, and not assigned, may avail himself of the following privileges, by returning the policy to the company at Newark, with his written request, for the appropriate endorsement of the policy by the company.

"(1) To have the beneficiary changed."

It will be observed that these provisions are practically the same.

After quoting from the authorities, the Court in the Holder case, uses this language: "These authorities clearly show, that the rights of the beneficiaries became vested, as soon as the insurer and the insured, entered into the contract, and were not subject to be divested, unless there was strict compliance with the requirements of the policy in this respect." See also *Perry* v. *Tweedy,* 11 A. & E. Ann. Cases (Ga.) 46 and note.

We are unable to discover any difference in principle between the Holder and the present case, and the ruling of the presiding Judge, was, therefore, erroneous.

The next question for consideration is, whether there was error, on the part of the presiding Judge, in construing the assignment to be, in effect, a request by the insured, for the company to change the beneficiary, in accordance with the terms of the policy.

The following are the provisions of the assignment executed by Dr. Deal, in the presence of two witnesses on the 27th of June, 1905:

"For natural love and affection, I do hereby assign, transfer and set over unto Mrs. Mary L. Deal, my wife, the above named policy of insurance, and all sum or sums of money, interest, benefit and advantage whatsoever, now due or hereafter to arise, or to be had or made by virtue thereof; to have and to hold unto the said Mary L. Deal, my wife, in case she survives me, otherwise the said policy shall revert to my legal representatives, and this assignment is accepted by her, subject to said proviso; I hereby reserve the right to cancel this assignment, at any time without notice to or consent of the assignee, the said assignee hereby agreeing, that in any settlement of the said policy, there shall first be deducted, all then existing indebtedness to the company on said policy."

One of the provisions of the policy was, that in the event the insured revived the endowment period of twenty years, then the amount of the insurance mentioned in the policy, should be payable to him. The assignment does not purport, in express terms, to change the beneficiary, but was effectual to transfer the rights of the insured under the policy, subject to the conditions mentioned in the assignment. The request contemplated by the policy, was to be accompanied by the policy, for the purpose of having the change of beneficiary endorsed thereon, by the company. If the assignment, when sent to the company, had been accompanied by the policy, it might have been successfully contended, that the assignment was in effect, a request to have the change of beneficiary endorsed thereon, but it could not be so construed, in the absence of the policy. When a beneficiary is named in a policy, he is as much entitled to rely upon its provisions for the protection of his rights, as the insurer or the insured. Nor can either of them waive the rights of the beneficiary.

In the Holder case, the question arose as to the power of the insured to surrender the policy for cancellation, which would have destroyed the rights of the beneficiary. The Court said: "The policy does not provide for a surrender thereof, for the purpose of cancellation, but simply for a change of the beneficiary, upon compliance with the requirements therein prescribed."

So, in the present case, we say, the policy did not contemplate an assignment by the insured, as the proper mode of changing the beneficiary.

The ruling of the presiding Judge, in this respect, was also erroneous.

The last question that will be considered is, whether there was error in refusing the motion for a nonsuit.

There was testimony tending to show: that the defendant Mrs. Margaret E. Deal, acknowledged the plaintiff as the beneficiary under the policy, and waived the right to insist

26—87

upon proof of strict compliance with the requirements of the policy, as to the change of beneficiary.

As there must be a new trial, we deem it advisable to refrain from discussing the testimony, tending to show such fact.

Judgment reversed and case remanded for a new trial.