AMERICAN NAT. INS. CO. et al. v. WALLACE et al. (No. 5716.)

(Court of Civil Appeals of Texas. Austin. Jan. 10, 1917. On Motion for Rehearing, Oct. 10, 1917. Further Rehearing Denied April 17, 1918.)

1. INSURANCE ⬧⟾116(1) — LIFE POLICY — INSURABLE INTEREST—GRANDNIECES.

Where beneficiaries were grandnieces of insured, relationship was too remote to constitute insurable interest, unless they had reasonable ground to expect that she would have contributed to their welfare.

2. INSURANCE ⬧⟾116(1)—LIFE POLICY PAYABLE TO GUARDIAN—RIGHT TO PROCEEDS.

In an action on a life policy payable to plaintiff as guardian no recovery can be had unless plaintiff be the guardian of some person who had an insurable interest in the life of the insured or unless she herself had such interest.

3. EXECUTORS AND ADMINISTRATORS ⬧⟾46 — LIFE POLICY — PROCEEDS PAYABLE TO ESTATE.

The proceeds of a life policy made payable to one having no insurable interest in the life of the insured belong to the insured's estate.

On Motion for Rehearing.

4. INSURANCE ⬧⟾587—LIFE POLICY—AGENT OF BENEFICIARY—POWERS OF AGENT.

Where the agent of an insurance company has authority to act for the company, he may

waive the provisions of the policy prescribing the mode to be pursued in changing the beneficiary, and bind his principal by verbal contract changing the beneficiaries.

**5. INSURANCE ☞602—LIFE INSURANCE—PENALTIES FOR REFUSAL TO PAY.**

Where the agent of an insurance company has authority to represent the company in respect to payment of claims when demand is made, a demand upon him as representative of the company for payment of policies is such a demand as to entitle beneficiary to recover the penalties and attorney's fees in case of refusal to pay.

Appeal from McLennan County Court; Geo. N. Denton, Judge.

Suit by Annie Wallace and others against the American National Insurance Company and others. Judgment for plaintiffs, and defendants appeal. Affirmed on rehearing.

Williams & Neethe, of Galveston, and J. L. Shelton, J. D. Williamson, M. C. H. Park, and Jas. P. Alexander, all of Waco, for appellants.

KEY, C. J. Annie Wallace brought this suit against the American National Insurance Company, seeking to recover upon two insurance policies. Mrs. Catherine C. Hopkins, Gussie Lowe, and Willie Moore were also made defendants. The insurance company in its answer admitted the issuance of three policies of insurance upon the life of the deceased, Lizzie Barkin, one payable to Gussie Lowe and Willie Moore, one payable to Mrs. Catherine C. Hopkins, guardian, and one payable to Gussie Lowe alone. The plaintiff did not seek to recover upon the policy made payable to Catherine C. Hopkins, but sought recovery upon the other two, upon the theory that an agreement had been entered into between Lizzie Barkin and the insurance company by which the plaintiff was to be substituted for Gussie Lowe and Willie Moore as beneficiary in those two policies.

William Heath and J. W. Wicker filed a petition of intervention, alleging that they are the legal heirs of Lizzie Barkin, deceased, and that neither the plaintiff Annie Wallace nor the defendants Gussie Lowe, Willie Moore, and Catherine C. Hopkins had any insurable interest in the life of Lizzie Barkin, and that, therefore, upon her death, the amount due on the policies became a part of her estate, and was inherited by the interveners. There were other pleas filed, which it is not deemed necessary to refer to, further than to state that the insurance company tendered into court the face value of the several policies, asserted that it was merely a stakeholder, and asked the court to determine who was entitled to collect the policies.

It is also proper to state that the plaintiff Annie Wallace, in addition to her asserted right to collect two of the policies, sought to recover penalties and attorney's fees from the insurance company upon the statutory ground that it had failed to pay such policies after demand made therefor. The court below rendered judgment for the plaintiff Mrs. Wallace against the insurance company upon the two policies upon which she sought recovery, and also statutory damages and attorney's fees, and rendered judgment to the effect that the other parties recover nothing, and the insurance company and intervener, Heath, have appealed.

In so far as the insurance company is concerned, this case is substantially the same as American National Insurance Co. v. Hollingsworth, 189 S. W. 792, decided by this court last October, and not yet officially reported. In that case it was held that proof no stronger than that submitted in this case was not sufficient to show that the agent upon whom the demand for payment was made had authority to represent the insurance company in that respect, and for that reason it was held that the plaintiff in that case was not entitled to recover statutory damages and attorney's fees. The appellant in that case is the appellant in this, the agent referred to in that case is the agent referred to in this case, and the proof in this case in reference to the scope of his agency is not any stronger than in the other. Hence we hold that the insurance company is entitled to have the case reversed and remanded for another trial.

As to the appeal prosecuted by appellant Heath, we sustain his contentions to this extent:

1. That when an insurance policy specifies the method by which the beneficiary therein may be changed, such method must be pursued in order to accomplish that result. Flowers v. Sovereign Woodmen, 40 Tex. Civ. App. 593, 90 S. W. 526; Gray v. Sovereign Woodmen, 47 Tex. Civ. App. 609, 106 S. W. 176.

[1] 2. If Gussie Lowe and Willie Moore were grandnieces of Lizzie Barkin, their relationship was too remote to show that they had any insurable interest in her life, in the absence of testimony tending to show that they had reasonable ground to expect that if she had remained alive she would have contributed substantially to their welfare, financial or otherwise. Wilton v. N. Y. Life Ins. Co., 34 Tex. Civ. App. 156, 78 S. W. 403.

[2] 3. Unless it be shown that Mrs. Hopkins was the guardian of some person who had an insurable interest in the life of the deceased, or that she herself had such interest, she was not entitled to recover upon the policy made payable to her as guardian.

[3] 4. The proceeds of a policy of insurance made payable to one having no insurable

interest in the life of the insured belongs to the estate of the insured after his or her death; and if, upon another trial, it shall be made to appear that the policies involved in this suit come within that class, then, if the proof shows that the interveners Heath and Wicker are the next of kin to Lizzie Barkin, the deceased, and that there is no administration nor necessity therefor upon her estate, then judgment should be rendered for interveners upon all the policies.

For the reasons stated, the judgment is reversed and the cause remanded for another trial.

Reversed and remanded.

### On Motion for Rehearing.

After careful reconsideration of this case, we have reached the conclusion that the motion for rehearing by appellee Annie Wallace should be granted, and the judgment of the court below affirmed.

A re-examination of the statement of facts discloses more testimony tending to show that appellant's agent, Russell, acted within the apparent scope of his authority when he made the agreement to change the beneficiaries in two of the policies, and to substitute appellee Annie Wallace for Gussie Lowe and Willie Moore, than was produced in the Hollingsworth Case, referred to in our former opinion. In this case, in answering special issues, the jury found that Russell had such authority, and this court committed error in holding that the finding referred to is not supported by testimony.

[4] In reference to the manner of changing the beneficiary, while it is true that the policies prescribe a mode not pursued in this case, still, if Russell had the authority to act for the insurance company, he had the power to waive that provision, and bind appellant by verbal contract changing the beneficiaries. Splawn v. Chew, 60 Tex. 532; Morrison v. Ins. Co., 69 Tex. 363, 6 S. W. 605, 5 Am. St. Rep. 63; Ins. Co. v. Lee, 73 Tex. 646, 11 S. W. 1024; McNiel v. Chinn, 45 Tex. Civ. App. 551, 101 S. W. 465; Ins. Co. v. Lyons, 38 Tex. 253; Ins. Co. v. Freeman, 19 Tex. Civ. App. 632, 47 S. W. 1025; Ins. Co. v. Bell, 25 Tex. Civ. App. 129, 60 S. W. 262; Ins. Co. v. Everett, 18 Tex. Civ. App. 514, 46 S. W. 95.

[5] We also hold that if Russell had the authority, which the jury found he had, a demand upon him, as the representative of the insurance company, for the payment of the policies, constituted such a demand upon appellant as entitled Annie Wallace to recover penalties and attorney's fees. The amount awarded as attorney's fees seems to us quite large, but the finding in that respect is supported by the testimony of several reputable attorneys, and therefore we cannot say that it is contrary to and unsupported by the testimony.

For the reasons stated the motion for rehearing is granted, and the judgment of the court below is affirmed.

Motion granted. Judgment affirmed.