### 12164

ANTLEY v. NEW YORK LIFE INSURANCE COMPANY *ET AL.*

(137 S. E., 199)

1. INSURANCE—INSURED HELD TO HAVE RIGHT TO ASSIGN POLICY AND SUBJECT INTEREST OF BENEFICIARY THERETO.—Under life policy providing that insured, without consent of beneficiary, might receive every benefit and exercise every right and enjoy every privilege conferred on insured by policy, insured had absolute unquestioned right to assign policy and to subject interest of beneficiary thereto.

2. INSURANCE—STATUTE PROTECTING BENEFICIARY FROM CLAIMS OF INSURED'S REPRESENTATIVES OR CREDITORS HELD INAPPLICABLE IN CASE OF ASSIGNMENT BY INSURED (CIV. CODE 1922, § 4099).—Civ. Code 1922, § 4099, *held* inapplicable, where policy was assigned by insured before his death, since such section was only intended to protect beneficiary therein named from claims of representatives of husband or his creditors.

Before WILSON, J., Orangeburg, November, 1925. Reversed with directions.

Action by Frances M. Antley against the New York Life Insurance Company and the St. Matthews National Bank, wherein defendant first named was dismissed on paying proceeds of insurance policy into Court. Judgment for plaintiff, and defendant last named appealed.

*Mr. D. S. Murph,* for appellant, cites: *Rights of beneficiary under life insurance policy:* 77 S. C., 299; 114 S. C., 405; 101 S. W., 465; 101 S. W., 291; 114 S. C., 306; 37 C. J., 581; 14 R. C. L., 998; 253 Fed., 725; 222 Fed., 204; 216 S. W., 785; 59 S. W., 41; 121 S. E., 516; 60 N. E., 933; 87 S. C., 400; 114 S. C., 202. *Section* 4099, 3 *Code* 1922, *not applicable:* 92 S. W., 335; 92 S. W., 560.

*Messrs. Wolfe & Berry,* for respondent, cite: *Beneficiary in insurance policy has vested interest which can be diverted only by a strict compliance with the provisions of the policy:* 131 S. C., 433; 87 S. C., 400; 77 S. C., 299; 14 R. C. L., 1390; 2 Joyce, Insurance, Sec. 1678; 56 Colo., 178; L. R. A., 1918-F, 306; 84 N. Y. S., 989; 119 A., 29; 272 Fed., 101. *Policy must be governed by South Carolina law:* 84 S. C., 253. *Policy could not be assigned so as to affect rights of the wife or children without her consent:* 3 Code 1922, Sec. 4099; 131 S. C., 433; 26 N. Y., 9; 37 N. E., 180. *Assignment could not be regarded as a request to change beneficiary:* 131 S. C., 433; 87 S. C., 400; Joyce, Insurance, Sec. 2322; 136 N. E., 227; L. R. A., 1916-A, 868. *Insured and insurer cannot impair rights of beneficiary:* 114 S. C., 202; 114 S. C., 306.

February 28, 1927.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

This action involves the right, as between the plaintiff, Frances M. Antley, and the defendant, St. Matthews National Bank, to the proceeds of a policy of insurance upon the life of her father, Benjamin F. Antley, who died April 2, 1925. The proceeds have been paid into Court, and the insurance company dismissed.

The policy was issued on December 1, 1915, for $2,000; the beneficiary named in the policy was the plaintiff; the premiums had been paid up to about March 1, 1925, at which time there was a premium of $104.29 due. At that

time the insured was indebted to the bank in the sum of
$1,915.59; he applied to the bank for a loan of $104.29
with which to pay the premium then about to become due.
The bank agreed to make the loan, provided the insured
would execute and deliver to it an assignment of the policy
as security both for the loan and for his indebtedness as
stated. The loan was made; the premium was paid; and
the assignment was executed and delivered to the bank
upon a printed form furnished by the company, a copy
of which was forwarded to the insurance company. The
assignment was executed only by the insured; the beneficiary
was not consulted, and did not consent thereto, possibly
knew nothing of it, being a minor at the time. The net
amount of the proceeds of the policy, we assume, after de-
ducting the indebtedness of the insured to the company, was
$1,642.37.

The clause in the policy naming the beneficiary reads:

" * * * To Frances M. Antley, daughter of the in-
sured, beneficiary (with the right on the part of the insured
to change the beneficiary as provided in Section 6), two
thousand dollars upon receipt of due proof of death of the
insured. * * * "

Section 6 of the policy reads:

"*Change of Beneficiary.*—When the right to change the
beneficiary has been reserved, the insured may at any time,
and from time to time, change the beneficiary, provided
this policy is not then assigned. Every change of beneficiary
must be made by written notice to the company at its home
office, accompanied by the policy, and will take effect only
when duly indorsed on the policy by the company. * * * "

Section 6 also contains the following:

"*Miscellaneous Provisions.*— * * * The insured may,
without the consent of the beneficiary, receive every benefit,
exercise every right, and enjoy every privilege conferred
upon the insured by this policy."

The policy also contains the following provision relating to assignments:

"Any assignment of this policy must be made in duplicate and one copy filed with the company at its home office. The company assumes no responsibility for the validity of any assignment."

·The printed assignment form contains, at the top, the suggestion that the assignment should be signed by the insured and by the beneficiary, and that the beneficiary, if a minor, should sign by a duly appointed guardian thereunto authorized by the Court.

The plaintiff admits that the amount of $104.29, loaned by the bank to pay the last premium, should be paid to the bank.

The case was submitted upon an agreed statement of facts to his Honor, Judge Wilson, without a jury; he filed a decree finding in favor of the plaintiff for the $1,642.37, less the $104.29 above referred to, and in favor of the bank for the $104.29. From this judgment the defendant bank has appealed, upon exceptions which fairly raise the points hereinafter decided.

The decree of the Circuit Judge rests mainly upon the case of *Barron v. Bank,* 131 S. C., 443; 128 S. E., 414, and the appellant here has obtained permission of this Court to review that case.

It must be conceded that a reaffirmance of the conclusions of law announced in the *Barron case* would lead inevitably to an affirmance of the Circuit decree in this case. It is possible that the result may be approved, upon the ground that the assignment was not effected in that case, in the mode prescribed in the policy, though we are not to be understood as so deciding, as many respectable authorities hold that the form of the assignment is designed solely for the protection of the company.

The facts in the *Barron case,* with the various policy provisions, are practically identical with those in the case

at bar, with the sole exception that there the assignment to the bank was not effected as the policy required. The Court, in sustaining the right of the beneficiary to the proceeds of the insurance, notwithstanding the attempted assignment to the bank, laid down the following propositions of law:

(1) That the beneficiary in a life policy which reserves to the insured the right, without the consent of the beneficiary, to change the beneficiary at his pleasure, has a vested interest in the policy, which cannot be divested except in the mode prescribed in the policy for a change in the beneficiary, and that an assignment of the policy, by the insured, even in the form prescribed by the policy, is not such a change.

(2) That under the statute (Section 4099, Code of 1922, Volume 3) the policy could not be assigned by the insured, so as to affect the rights of the beneficiary, without her consent.

It seems to be universally conceded that, where the policy does not reserve to the insured the right, under certain terms and conditions, to change the beneficiary, the beneficiary, upon the issuance of the policy, acquires a vested interest in the proceeds of the insurance when available according to the terms of the policy, which cannot be divested by any act of the insured. But the question in the case at bar, where the policy does contain the reserved power in the insured to change the beneficiary, is, what is the character of the beneficiary's interest under these circumstances? Upon this question the decisions of this Court are hopelessly at variance.

In *Holder v. Insurance Company,* 77 S. C., 299; 57 S. E., 853, the point at issue was whether the insured had the power, without consent of the beneficiary, to surrender the policy for cancellation. The policy contained the usual provision reserving to the insured the right to change the beneficiary. The Court denied the power of the insured to sur-

render the policy for cancellation, and, without drawing any distinction between policies with, and policies without, the reservation said:

"These authorities [cited] clearly show that the rights of the beneficiaries became vested as soon as the insurer and the insured entered into the contract, and were not subject to be divested unless there was strict compliance with the requirements of the policy in this respect."

In *Deal v. Deal,* 87 S. C., 395; 69 S. E., 886; Ann. Cas., 1912-B, 1142, the point at issue was whether the insured had the power, without consent of the beneficiary, to assign the policy to a third person. The policy contained the usual provision reserving to the insured the right to change the beneficiary. The Court denied the power of the insured to assign the policy, at the same time holding that, if the assignment had been forwarded to the company, with the policy, it would have been construed as a request for a change of the beneficiary. It nevertheless was emphatic in its approval of the *Holder case,* without apparently considering the distinction between policies reserving the right to the insured to change the beneficiary and those without that reservation.

In the case of *Taff v. Smith,* 114 S. C., 306; 103 S. E., 551, decided June 28, 1920, the point at issue was whether the attempt of the insured to exercise the reserved right to change the beneficiary should be defeated by the refusal of the first beneficiary to deliver up the policy that it might be sent to the company with the application for the change. The policy contained the usual reservation. The Court held that the second beneficiary was entitled to the insurance, and again, without drawing the distinction adverted to, reaffirmed the principle announced in the *Holder* and *Deal cases* that the beneficiary took a vested interest.

In the case of *Brown v. Insurance Company,* 114 S. C., 202; 103 S. E., 555, decided June 28, 1920, the point at issue was whether a provision for a forfeiture contained

in a note for the premium, but not in the policy, was binding upon the beneficiary. The policy contained the usual reservation. The Court held that the provision in the note did not bind the beneficiary, and, without drawing the distinction referred to, reaffirmed the principle announced in the *Holder* and *Deal cases* and in addition cited, to the same effect, *Bank v. Hume,* 128 U. S., 195; 9 S. Ct., 41; 32 L. Ed., 370. *Jones v. Insurance Co.,* 105 S. C., 427; 90 S. E., 30; and *Arnold v. Insurance Co.,* 3 Ga. App., 685; 60 S. E., 470.

All of the cases heretofore, as stated as to each, without drawing any distinction between policies reserving to the insured the power to change the beneficiary and policies containing no such reservation, consistently held that the beneficiary acquired, upon the issuance of the policy, a vested interest in the proceeds.

Then came the decision in the case of *Bost v. Insurance Co.,* 114 S. C., 405; 103 S. E., 771, decided July 26, 1920. The point at issue was identical with that in the *Holder case,* whether the insured had the power, without consent of the beneficiary, to surrender the policy for cancellation. The policy, as in the *Holder case,* contained the usual provision reserving to the insured the right to change the beneficiary. The Court confirmed the power of the insured to surrender the policy for cancellation, directly in conflict with the decision in the *Holder case,* and drew the distinction above referred to, between policies with and without the reservation.

In this case (the *Bost case*), the Court expressly repudiated the holding announced in the four preceding cases, that the beneficiary acquired a vested interest in the policy, deciding:

"Under this provision [for change of beneficiary], the beneficiary does not take a vested interest, as the policy itself reserved the insured the right to change the beneficiary with the consent of the company. Unless this right was re-

served to the insured by the terms of the policy, the beneficiary would take a vested interest. By the terms of the policies the insured reserved the right to change the beneficiary, without the beneficiary's consent, and under this provision the beneficiary acquired, not a vested interest during the life of the insured, but only an expectancy. * * * Under the provisions of the policy the insured had the right to act with the policy as he saw fit; that he had the right to change the beneficiary without her consent and to enjoy every benefit given him under the policy."

Finally came the case of *Barron v. Insurance Co.*, 131 S. C., 443; 128 S. E., 414, which, as stated, returned to the doctrine declared in the *Holder, Deal, Taff,* and *Brown cases,* holding that, regardless of the distinction as to reservation of the power to change the beneficiary, the beneficiary took a vested interest which could not be interfered with by any action of the insured or the insurer or both.

In this state of conflict between the decisions, it is up to the Court to "choose ye this day whom ye will serve"; and, in the duty of this decision, this Court has the right to determine which doctrine best appeals to its sense of law, justice, and right.

"This Court held, in *Washington Central Bank v. Hume,* 128 U. S., 195; 206 [9 S. Ct., 41; 32 L. Ed., 370], that under the ordinary policy of life insurance, when no right is reserved to surrender the policy or to change beneficiaries, the beneficiary named therein acquires at the moment it is issued, a vested right which cannot be affected by any act of the insured subsequent to the execution of the policy. The rule there declared was deemed by the Court of Appeals to control the case at bar. But it was not applicable; because the contract sued on was a benefit certificate of a fraternal benefit association, not an ordinary policy of life insurance; and also because the benefit certificate on its face reserves the right to change beneficiaries. *Royal Arcanum v. Beh-*

*rend,* 247 U. S., 394; 38 S. Ct., 522; 62 L. Ed., 1182; 1 A. L. R., 966.

And further:

"In the absence of a special provision of law or of a rule of the association to the contrary, the naming of a person as beneficiary in the benefit certificate of a fraternal benefit association, confers not a vested right, but an expectancy merely which may be defeated at any time by act of the insured member."

"Named beneficiary's interest, where right to change beneficiary is reserved, is not a vested right." *Blethen v. Insurance Co.,* 198 Cal., 91; 243 P., 431.

"Beneficiaries' interest held not vested in view of insured's right to change beneficiary." *Equitable Co. v. Campbell* (Ind. App.), 150 N. E., 31.

"Interest in beneficiaries does not vest except by death of insured, where policy reserves right in insured to change beneficiary." *Fleming v. Grimes,* 142 Miss., 522; 107 So., 420.

"Where contract of insurance expressly reserves right to change beneficiaries, interest of designated beneficiary is that of mere expectancy of uncompleted gift." *In re Castagnola,* 68 Cal. App., 732; 230 P., 188. *In re Whiting* (D. C.), 3 F. (2d), 440. *Brown v. Insurance Co.* (D. C.), 3 F. (2d), 661. *Hubbard v. Kies,* 219 Mo. App., 397; 271 S. W., 844. *Slocum v. Insurance Co.,* 245 Mass., 565; 139 N. E., 816; 27 A. L. R., 1517. *Bank v. Hodges,* 132 Miss., 238; 96 So., 97. *Twyman v. Twyman,* 201 Ky., 102; 255 S. W., 1031. *Oetting v. Sparks,* 109 Ohio St., 94; 143 N. E., 184.

"The contract may reserve to the insured the right to change the beneficiary at will; and when this is done, the nominated beneficiary acquires no vested interest in the policy or its proceeds, and until the death of the insured has a mere expectancy." *Ogletree v. Ogletree,* 127 Ga., 232; 55 S. E., 954. *Nally v. Nally,* 74 Ga., 669; 58 Am. Rep.,

458. *Bank v. Garrard,* 158 Ga., 867; 124 S. E., 715; 38 A. L. R., 102.

The case last named is in exact parallel with the case at bar, and it is there held that the assignment was in effect a change of the beneficiary, what our Court practically held in the *Deal case.*

"Where the right to change beneficiary in a policy of life insurance named beneficiary obtains merely an inchoate right dependent entirely upon the will of the insured during his lifetime." *Wentworth v. Insurance Co.,* 65 Utah, 581; 238 P., 648. *Dorsett v. Thomas,* 152 La., 60; 92 So., 734. *Quist v. Insurance Co.,* 219 Mich., 406; 189 N. W., 49. *Insurance Co. v. Reid* (D. C.), 263 F., 451. *In re Greenberg* (C. C. A.), 271 F., 258; 20 A. L. R., 253. *Spaulding v. Insurance Co.,* 94 Vt., 42; 109 A., 22. *Malone v. Cohn* (C. C. A.), 236 F., 882. *Rosman v. Insurance Co.,* 127 Md., 689; 96 A., 875; Ann. Cas., 1918-C, 1047.

In *Jones v. Insurance Co.,* 105 S. C., 427; 90 S. E., 30, the judgment was placed squarely upon the ground that the policy contained no provision of reservation in the insured to change the beneficiary. It was there held that under those circumstances the beneficiary acquired a vested interest.

"Where policy reserved right to change beneficiary, person designated as beneficiary held to have no vested right, and insured's control over the policy was as complete as though himself designated as beneficiary." *Insurance Co. v. Swett* (C. C. A.), 222 F., 200. *Insurance Co. v. Daley,* 25 Cal. App., 376; 143 P., 1033.

In 37 C. J., 581, it is said:

"On the other hand, where the right to change the beneficiary has been reserved in the policy so that the beneficiary does not have a vested right or interest, it is held that insured has complete control and domination of the policy; that his reserved right to change the beneficiary includes the lesser right partially to affect the rights of the beneficiary by assigning or creating a lien on the policy; and that he

may do directly what he might do after having changed the beneficiary to himself or his estate."

In 14 R. C. L., 998, it is said:

"It would seem clear that the insured may assign the policy where he has reserved the right to change the beneficiary."

The case of *Rawls v. Insurance Co.* (C. C. A.), 253 F., 725, is quite in point. The wife was the beneficiary and the insured reserved the right to change the beneficiary. The policies lapsed, and, according to their terms, certain rights thereupon accrued under them. By agreement with the insurer, the policies were renewed and were assigned to the insurer to secure the indebtedness incurred for the renewal premiums; the loan thus being made to keep the policies alive. It was held that the beneficiary had no vested right, and that the assignment to the bank should be sustained.

In the case of *Insurance Co. v. Swett* (C. C. A.), 222 F., 204, the Court said:

"As the policy to Swett stipulated that he might, on his written request of the company for its appropriate indorsement on the policy, change the beneficiary, his wife did not acquire a permanent or vested interest in it. The existence of such an interest during her husband's lifetime was made impossible by the control over the contract of insurance given to him, independent of her will. Her right was inchoate, a mere expectancy during his lifetime, dependent on the will and pleasure of her husband as holder of the policy, and could not vest until his death happened with the policy unchanged. His control over the policy was, subject to its items, as complete as if he himself had been the beneficiary."

In *McNeil v. Chinn,* 45 Tex. Civ. App., 551; 101 S. W., 465, the insured reserved the right to change the beneficiary, but assigned the policy to secure an indebtedness without changing the beneficiary in the manner required by the policy. The assignment and the policy were delivered to the

creditor. The Court held the assignment good, and said that the assignment did not comply exactly with the form prescribed in the policy, for either an assignment or change of beneficiary; but these forms are for the benefit and protection alone of the insurer and may be waived by it."

In *Missouri State Life Insurance Co. v. California State Bank,* 202 Mo. App., 347; 216 S. W., 785, the right to change the beneficiary was reserved. Without changing the beneficiary, the insured pledged the policy as collateral security for an indebtedness to his bank; the beneficiary (wife) not joining in the assignment. The assignment was held good "subject, of course, to the full rights of the beneficiary being restored upon the fulfillment of the conditions of the pledge."

In *Mente v. Townsend,* 68 Ark., 391; 59 S. W., 41, the insured reserved the right to change the beneficiary. The Court held that the beneficiary had no vested interest but only an expectancy, and upheld the assignment, saying:

"Goldsmith, the insured, could have changed the beneficiary in the policy at any time without her (wife's) consent. He, in effect, made such change to the extent of the assignment to appellee (citing cases)."

In *Rattray v. Banks,* 31 Ga. App., 589; 121 S. E., 516, the Court said:

"A beneficiary in a life insurance policy, where the insured has reserved the right to change the beneficiary, has no vested interest; and an assignment of the policy by the insured to a creditor, for the purpose of securing an indebtedness of the insured which is less than the face value of the policy, amounts to a change of beneficiary *pro tanto.*"

How completely policies of the kind in question are within the control of the insured, is illustrated by the case of *Malone v. Cohn* (C. C. A.), 236 F., 882, where it is declared (quoting syllabus) :

"Insurance policies on the life of a bankrupt, having a cash surrender value, designated his wife as beneficiary, but

the bankrupt was authorized to change the beneficiary, and the wife had no vested right. Held, that as the beneficiary could be changed by the bankrupt and he could in that way obtain their surrender value, the right to such policies or their surrender value passed to the trustee."

In the opinion, it is stated:

"The bankrupt's complete dominion over such a policy makes it his, and it passes, with the rest of his property, to his trustee."

See, also, *In re Herr* (D. C.), 182 F., 716. *In re Bonvillain* (D. C.), 232 F., 370. Collier Bankr. (9th Ed.), 1014. *Rawls v. Insurance Co.* (C. C. A.), 253 F., 725. *Bonvillain v. Howell* (C. C. A.), 237 F., 1015. *In re Jamison* (D. C.), 222 F., 92. *In re Shoemaker* (D. C.), 225 F., 329.

Taking this law in connection with the specific provision in the policy, "The Insured may, without the consent of the beneficiary, receive every benefit, exercise every right, and enjoy every privilege conferred upon the insured by this policy," it does not appear to admit of doubt that the insured had the absolute, unquestioned right to assign the policy and to subject the interest of the beneficiary thereto.

There is an expression in the clause relating to change of beneficiary which has received no attention in the decree or arguments; it is a significant statement. The clause reads:

"The insured may at any time, and from time to time, change the beneficiary, provided this policy is not then assigned."

Coupled with the provision permitting an assignment and directing its mode, if this phrase does not imply the right of the insured to assign the policy regardless of the fact that the beneficiary has been named, it is senseless verbiage.

The opinion of Mr. Justice Watts in the *Bost case* makes the proper distinction and draws the correct conclusion.

It follows that the *Holder, Deal, Taff, Brown,* and *Barron cases,* so far as they are not consistent with the conclusions herein announced, can no longer be considered authority.

2     With reference. to the application of Section 4099, Volume 3, Code 1922, to the case, the Court is satisfied with, and adopts, the reasoning and conclusion of Justice Marion in his dissenting opinion in the *Barron case.*

The judgment of this Court is that the decree of the Circuit Court be reversed, and that the case be remanded to that Court for the purpose of rendering judgment in favor of the defendant, St. Matthews National Bank.

· MR. CHIEF JUSTICE WATTS and MR. JUSTICE BLEASE, and MR. ACTING ASSOCIATE JUSTICE R. O. PURDY concur.

MR. JUSTICE STABLER disqualified.