## GEO. B. BLANCHARD *v.* G. W. HERBERT.

**Wills—Construction—Specific Devise of Land With Lien Thereon—Residuary Estate Must Pay Debt.**

The testatrix devised to her son Albert a house and lot for which she was indebted in the sum of $1,500, for which there was a lien on the property. She made some other specific devises; and without giving directions as to the payment of her debts, provided that the balance of her estate, both real and personal, be divided between her daughter and her sons, John, George and Albert.

Held, that although the creditor might have enforced his lien as security for his debt, it was nevertheless as much the debt of the testatrix as if the lien did not exist, and the acceptance by Albert of the devise to him did not imply an undertaking on his part to assume and pay the debt, nor exempt the general devisees from contribution thereto. On the contrary, as between him and the devisees of the residuary estate, he was himself exempt from contribution.

**Wills—General Devisees.**

The rights of general devisees are subservient to the rights of those to whom property has been specifically devised with respect to the payment of the debts of the testator.

### APPEAL FROM LOUISVILLE CHANCERY COURT.

November 14, 1871.

OPINION BY JUDGE HARDIN:

This appeal involves a single question in the construction of the will of Louisa J. Blanchard, deceased. By the will, she devised to her son, Albert Blanchard, a house and lot on Chestnut street, in Louisville, for which she was indebted to Geo. W. Herbert in about the sum of $1,500, for which there was a lien on the property. She made some other specific devises; and without giving directions as to the payment of her debts, provided that the balance of her estate both real and personal be equally divided between her daughter Oliva, now Mrs. Briggs, and her sons John, George and Albert Blanchard. This residuary estate consisted principally of several hundred acres of land in McLean county; and the judgment in this case provides for selling enough of the land to pay the debts of the testatrix, including that owing to Herbert, there being little or no personal estate, thus relieving the property specially devised to Albert Blanchard, of the lien of Herbert. Of this, the appellant Geo.

Blanchard complains, and it is contended for him in the argument that inasmuch as the lands passed under the general residuary clause of the will and was neither specifically devised for the payment of debts, nor charged with them, Albert Blanchard, as the specific devisee of the house and lot in Louisville, was not entitled to have the lien of Herbert removed, either by a sale of the land or by contribution from the other devisee, but that he took the devise *cum onere*. This would doubtless be so if it appeared from the will that the testatrix intended to charge the devise to Albert Blanchard with payment of her debt to Herbert, or the incumbrance on the property was not a debt or claim against her estate, and one which she had never undertaken to assume. But although the creditor might have enforced his lien as security for his debt, it was nevertheless as much the debt of Mrs. Blanchard's estate as if the lien did not exist, and the acceptance by Albert Blanchard of the devise to him did not imply an undertaking on his part to assume and pay the debt, nor exempt the general devisees from contribution thereto. On the contrary, as between him and the devisees of the residuary estate, he was himself exempt from contribution. The right of general devisees being subservient to the rights of those to whom property is specifically devised with respect to the payment of the debts, as a general rule.

Wherefore the judgment is affirmed.

*Pirtle & Caruth, for appellant.*

*Gibson, for appellee.*