# ROBINSON *v.* DUVALL.

*(Kentucky Court of Appeals.)*

A LIFE POLICY, as between the assured and the insurer, is strictly and only a contract, and is subject to the general rules which govern in the interpretation of other contracts, *but with respect to the beneficiaries*, it is held to be a testamentary provision rather than a contract.

SURVIVING BENEFICIARIES. The share of one of the beneficiaries upon his death, will pass to the surviving beneficiaries and their heirs, and does not result to the assured, where the policy is renewed by the payment of the annual premium, and no contrary intention appears. "A policy of insurance on the life of any person expressed to be for the use of any married woman, whether procured by herself, her husband, or any other person, shall inure to her separate use and benefit and that of her children, independently of her husband or his creditors, or the person effecting the same, or his creditors" Sec. 30, Act of March 12, 1870.

ASSIGNMENT OF POLICY. The assured had no right to assign the benefit of the policy in this case, where the policy was for the benefit of his wife and children, so as to defeat the heir at law of one of the beneficiaries who died before the assured.

COFER, C. J.

April 1, 1872, B. F. Crowfoot insured his life in the Connecticut Mutual Life Insurance Company for the sum of $5,000, payable to his wife and children, or their representatives. At the date of the policy the insured had three children, all minors and unmarried. In a few days thereafter his wife died. He continued to pay the annual premiums, as they fell due, until April 8, 1878, when he died, having survived all his children, two of whom died in infancy and unmarried, and one, having married, left an only child, the appellee, W. T. Duvall, and her husband surviving her.

Before his death, and after the death of *all his* children, the insured assigned and delivered the policy to his niece, the appellant, Hattie E. Robinson, intending it as a gift to her.

The executor of the insured, the guardian of the infant grandson, W. T. Duvall, and Hattie E. Robinson all claiming the proceeds of the policy, the insurance company brought its petition of interpleader and paid the money into Court, and the Court, having adjudged it to W. T. Duvall, Robinson alone has appealed.

Her counsel argues, in effect, that upon the delivery of the policy, Mrs. Crowfoot and the three children of the insured be-

came invested each with a one-fourth interest in it, and that upon the death of Mrs. Crowfoot, her interest passed to her husband under the statute of distributions, and that at the death of the unmarried daughters their interest passed to their father in the same way, and at the death of Mrs. Duvall, during the life of her father, her interest lapsed as if it had been a legacy, and in this way the insured became the owner of the entire policy, and could invest the appellant with a good title.

A life policy, as between the assured and insurer, is strictly and only a contract for the payment of money upon the happening of a contingency, uncertain only as to the time when it will occur, and is subject to the general rules which govern in the interpretation of other contracts. But when considered with respect to the rights of those who claim to be beneficiaries, especially when they are the natural objects of the affection and bounty of the person procuring and paying for the insurance, should be regarded in the light of a testamentary provision rather than of a contract.

The object of all interpretation of acts or words is to arrive at the intentions of the person whose acts or words are to be interpreted, and the nature of the transaction and the relation of the parties are frequently important, and sometimes controlling factors in the problem.

In taking the policy, the insured was not providing for himself, but for his wife and children, after his death, and it would be unreasonable to suppose that he intended, in case one of these objects of his affection should die during his life, that the interest of the one so dying should pass to himself, and, at his death, to his personal representative. It would be more consistent with his evident design in insuring his life for the benefit of all his family, wife and children alike, to suppose that his intention was that, in case one or more should die before himself, without leaving children, the share to which those dying would have been entitled, had they survived him, should go to the survivors. He dedicated the whole to his family, share and share alike, and as the family was reduced by death, and he came to renew the policy by paying the annual premiums, it can scarcely be doubted that he did so in order to provide for those who still survived, and this evident intention ought not to be defeated unless there are insurmountable legal obstacles in the way of effectuating it.

So far as any interest the wife of the insured had in the policy is concerned, the rights of the parties are regulated by statute in harmony with the view just expressed.

"A policy of insurance on the life of any person, expressed to be for the use of any married woman, whether procured by herself, her husband, or any other person, shall inure to her separate use and benefit and that of her children, independently of her husband or his creditors, or the person effecting the same, or his creditors."   Sec. 30, Act 12 March, 1870; 1 Acts, '71.

When Mrs. Crowfoot died, her interest in the policy inured, under this statute, to the benefit of her children.

When one of the children subsequently died without living issue, and the policy was again renewed by the payment of the annual premium, there was, in a modified sense, a new contract, (*Thompson* v. *Cundiff*, 11 Bush, 573,) which inured to the benefit of the children then living, there being no issue of those who were dead.     So that at the death of Mrs. Duvall, the last survivor of the children of the insured, she was the sole beneficiary.

Sec. 32 of the statute, *supra*, provides that, " When a policy is effected by any person on his own life, or on the life of another, expressed to be for the benefit of      *      *      *      *      *
a third person, the person for whose benefit it was made shall be entitled thereto against the creditors and the representatives of the person effecting the same."

At the time the policy was last renewed before her death, Mrs. Duvall was the only surviving child of the insured, and as she was the only living person answering the description of beneficiaries as contained in the policy, as the other beneficiaries had died without issue, it is to be taken to have been renewed for her sole benefit.   When it was last renewed she was dead, and there was no person living answering the description except her surviving child, who, in our opinion, is her representative within the meaning of that word as used in the policy.

In *Insurance Company* v. *Palmer*, 42 Conn., 50, the policy was payable to the wife if she survived her husband, if not, to their children.   The husband survived the wife, and one of the children died, during the life of the father, leaving issue.   It was held that the issue took the interest to which his father would have been entitled if he had survived the insured.

This is a much stronger case for the issue of the deceased child than that.

There the policy, in the contingency that had happened, was payable to the children, here it is payable to the children or "their representatives." This expression shows that the possibility of the death of some or all of the children during the life of the insured, was not overlooked, and that such an event was intended to be provided for.

And when we consider the nature and design of life insurance and the relation of the parties, we think the policy should be construed as if it were payable to such of the children as should survive the insured, and the surviving issue of such as might die during his life.

We are therefore of the opinion that the insured had no interest in the policy, and that the assignment made by him to the appellant gave her no right to any part of its proceeds, and the judgment is affirmed.