## L. W. ANDREWS v. UNION CENTRAL LIFE INSURANCE COMPANY.

### Decided November 14, 1900.

**Insurance—Beneficiary—Creditor—Estates of Decedents.**

A life insurance policy payable to a creditor of insured "as his interest may appear, otherwise to executors, administrators, or assigns of the insured," was not under the control of the probate court except as to the excess, if any, over the debt secured. The company making payment to the creditor according to its contract—his debt exceeding the amount of the policy—was protected thereby; and it was not necessary that the latter prove his claim against the estate, nor have an assignment of the policy; nor could his rights be affected by an order in probate making a money allowance to the widow and minor children in lieu of homestead and exempt property.

APPEAL from McLennan, Fifty-fourth District. Tried below before Hon. SAM R. SCOTT.

*Scarborough & Scarborough* and *J. T. Sluder,* for appellant.

COLLARD, ASSOCIATE JUSTICE.—Suit by L. W. Andrews, administratrix of the estate of her deceased husband Wm. L. Andrews, on a life insurance policy for $5000, of date 2d of March, 1891, issued by defendant on the life of her husband, payable to creditor A. P. Dyke, as his interest may appear, otherwise to his executors, administrators, or assigns.

Defendant company filed demurrers, general denial, and special answer setting up indebtedness of deceased covering the amount of the policy, that the policy was issued at the instance of assured and A. P. Dyke, both of the State of Arkansas, showing that Dyke was a creditor of deceased, assured being indebted to Dyke for more than the amount of the policy by note and premiums paid for the policy, to wit, $5063.18, and that the company had paid the amount due by the policy to the creditor, thus fully discharging the obligation with the knowledge and consent of plaintiff, and insisting that plaintiff was not entitled to any claim under the policy.

Plaintiff by appropriate pleadings, in reply, set up that the policy was not assigned, and that it was the property of the estate of deceased; that Dyke's claim was not probated as a claim against the estate and was

barred by limitation. She also set up that the estate was insolvent, deceased leaving no homestead nor other exemptions, which had been provided for by the probate court by setting aside property in lieu thereof; that is, $3000 in lieu of a homestead, $500 in lieu of exempt property, and $500 as one year's support.

The trial resulted in a verdict and judgment for defendant, from which this appeal is taken.

We find the facts as follows: The policy sued on was issued by defendant for $5000 March 2, 1891, in favor of A. P. Dyke, creditor, as his interest may appear, otherwise to executors, administrators, or assigns of the insured, it being a policy issued upon the life of Wm. L. Andrews of Pine Bluff, Ark. The plaintiff, Mrs. L. W. Andrews, was the surviving wife of Wm. L. Andrews, who died the 17th day of November, 1894, at Wilmar, Ark., and was administratrix of his estate, and it was proved that no part of the policy had ever been paid to her, and that there were three minor children of her marriage with deceased. She qualified as administratrix of the estate of deceased in McLennan County, Texas. There was no other property of the estate except the policy.

It was shown that deceased was indebted to Dyke, the beneficiary named in the policy at the time the policy issued, in a sum of money for which Andrews executed his note March 27, 1891, due in one day, for $3326.96, bearing interest at 10 per cent per annum, and Dyke paid the premiums falling due on the policy, making the amount of debt due by deceased at death more than the total amount of the policy. The company paid the full amount of the policy to the creditor named as beneficiary, which did not discharge the entire debt due by Andrews to Dyke.

The probate court administering the estate of deceased set apart to the widow and children the amounts set up by the administratrix in lieu of homestead and other exemptions, the estate being insolvent, as alleged, and having no other property except such interest as the estate might have in the policy.

*Opinion.*—Without taking up the assignments in the order presented, it will suffice to say that the claim presented by appellant is to the effect that the creditor Dyke, under the probate law of the State, is postponed to the rights of the widow, administratrix, and children of deceased, which right is recognized by the acts of the probate court by the allowances duly and formally made. The contention of appellant can not be sustained. The probate court had no jurisdiction of or control over the matter, in so far as the policy was a contract of the insurance company to pay the debt due by Andrews to Dyke. The company was primarily liable and bound to pay Dyke the amount of the policy on the debt, and the estate had no interest in the policy until that debt was fully satisfied. If there had been a residue after payment of the debt for which the policy was issued at the time of the death of the insured, the estate would be entitled to it; but it is shown that the amount due by the policy did

not overpay the debt, and hence the estate has no interest in the policy, and is entitled to nothing therefrom.

The decision of the Supreme Court in this case on former appeal fully settled the question raised according to our views as expressed above, and that decision can not be changed. Andrews v. Insurance Co., 92 Texas, 584.

The estate of the insured could have no interest in the policy until the debt it was issued to pay was satisfied. There being no overplus, Dyke was entitled to the whole amount due by the policy, and it was proper for the insurance company to pay to him the entire amount. Dyke is shown to be the absolute owner of the policy, and it was not necessary to his recovery to show any assignment of it to him.

All questions raised by the assignments of error are disposed of in the foregoing adversely to appellant, and the judgment of the lower court is affirmed.

*Affirmed.*

Writ of error refused.