## Twyman v. Twyman, et al.

(Decided November 20, 1923.)

### Appeal from Jefferson Circuit Court
### (Common Pleas, First Division).

1. Insurance—Beneficiary Held Without Vested Interest—Insured May Require Insurer to Change Beneficiary Without Latter's Permission.—Original beneficiary has no vested interest in a life policy reserving to insured the right to change the beneficiary, and insured may require insurer to make such a change without obtaining the consent of original beneficiary.

2. Insurance—Another Held Substituted for Original Beneficiary, though Consent of Latter Not Obtained.—Where insured notified insurer of his desire to change the beneficiary in a life policy reserving to insured the right to make such a change, furnished affidavits, and did all in his power to make such a change, and insurer made a memoranda on its books directing the change, the desired person was substituted for the original beneficiary notwithstanding failure to secure the consent of the original beneficiary.

WM. MARSHALL BULLITT and BRUCE & BULLITT for appellant.

CHAS. F. TAYLOR, STANLEY R. WOLF, and PETER, LEE, TABB & KRIEGER for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON — Affirming.

The proceeds of a $1,500.00 insurance policy on the life of Russell T. Twyman form the basis of this litigation between his mother, appellee, Sallie Twyman, and his wife, appellant, Edna F. Twyman, each claiming the entire sum, which the company admits to be due, to the exclusion of the other. In January, 1917, Twyman, then a young man and married, applied for and obtained a policy in the Prudential Insurance Company, making his wife, Edna F. Twyman, beneficiary. He kept the policy up for some time, but when his health failed his wife returned to her home in California and Twyman went to live with his father and mother in Louisville. Communication soon broke off between the husband and his wife, and instead of getting better Twyman steadily grew worse in health. His mother took him to Colorado, where he remained for some time at her expense, and then returned to Louisville. Later they went to Asheville, N. C., and stayed quite a while at the mother's expense. In the meantime Twyman decided to change the beneficiary in his policy, replacing the name of his wife, Edna F. Twyman, by that of his mother, Sallie Twyman. In pursuance of this plan he wrote the company on February 18, 1919, the following:

"I took out a policy in your company on January 13th inst., 1917, made payable to my wife, Edna F. Twyman, from whom I am now separated for two years; the policy has been lost, therefore I wish a duplicate policy, changing the beneficiary from Edna F. Twyman, my wife, to my mother, Sallie Twyman; if this can not be

done, then I wish it to be changed from Edna F. Twyman, my wife, to my estate. You will note in the policy that I have reserved the right to change my beneficiary.

"Policy being number 2273114."

To the foregoing letter he received the following reply:

"Dear sir:

"Your communication of February 18 requesting a change in beneficiary, and also advising us that your policy is lost has been received.

"In reply thereto we are enclosing an affidavit form 124 in connection with your lost policy which is to be completed by the present beneficiary, Edna F. Twyman, and yourself in the presence of a notary public in accordance with the instructions contained at the top of the form. The cost of issuing a certificate of insurance will be 50 cents, which amount we would thank you to remit to this office.

"We are also enclosing an amendment form providing for a change in beneficiary to your mother, Sallie Twyman. This form is to be signed by you on the line indicated for signature of the insured; your signature is to be witnessed by some responsible person and both forms returned to the undersigned, together with the 50 cents, when the matter of change will receive our further attention."

Later Twyman engaged an attorney to represent him in the matter of obtaining a change of beneficiary in his policy and this lawyer addressed a letter to the company, setting forth the facts and asking that a change of beneficiary in Twyman's policy be effected at once, but the company did not consent to do so, and the correspondence was drawn out at some length. Finally, the company entered on its books the following memoranda:

"Make change on our records in favor of Sallie Twyman, mother."

In making his application for the policy Twyman answered "yes" to the following question: "Do you wish to have the privilege of changing the beneficiary?" He also filled out the necessary form blanks provided by the company to entitle him to a change of beneficiary, except that he did not obtain the signature of the original beneficiary, Edna F. Twyman. In one or more affidavits Twyman stated that the original policy was lost; that he did not know where it was; that his wife, the for-

mer beneficiary, had left him and had been away for months and that he did not know her address, although she left him with the declared purpose of going to California. When the affidavits mentioned above were filed with the company the notation copied above was made upon its books. Twyman died July 11, 1919.

The policy contained the following provision:

"The insured may at any time . . . by written notice to the company at its home office change the beneficiary or beneficiaries . . . such change . . . to become effective only when a provision to that effect is endorsed on or attached to the policy by the company, whereupon all rights of the former beneficiary or beneficiaries shall cease."

The trial court made the following finding:

"1. The beneficiary in a life insurance policy in which the right to make a change is reserved to the insured, has an interest subject to be defeated by his exercise of his right to change. Landrum, &c. v. Landrum, 186 Ky. 775.

"2. The insured has the absolute right to make the change without the consent or knowledge of the original beneficiary. Landrum, &c. v. Landrum, supra.

"3. The changing of beneficiaries is a question of intention sufficiently expressed to the company.

"4. Russell T. Twyman sufficiently expressed his intention to the company. It was his right to have the company effectuate that intention, and it was the company's duty to do it. The fact that the company did not effectuate that intention by endorsing the change on the policy or by issuing a new one cannot defeat that obvious intention. The provision for the endorsement upon the policy was for the protection of the company and had no relation to the right of Twyman to make the change in so far as that right affected the right of the original beneficiary. Manning v. A. O. U. W., 86 Ky. 136.

"5. As far as the contending claimants are concerned Twyman effectually substituted plaintiff, Sallie Twyman, for Edna F. Twyman as beneficiary.

"6. The Prudential Insurance Company paid into court $1,480.00 as the proceeds of the policy and plaintiff dismissed her action as against it."

Upon these facts the lower court made a finding of law as follows:

"As a matter of law the court concludes from these facts that Russell T. Twyman sufficiently expressed to

the company his intention to change the beneficiary of his policy, and as far as the contending claimants are concerned, effectually substituted plaintiff, Sallie Twyman, for defendant, Edna F. Twyman, as beneficiary, and that the plaintiff, Sallie Twyman, is entitled to the proceeds of said policy, namely, the sum of $1,480.00, being the fund in court, and the defendant, Edna F. Twyman, has no interest in said fund, and the plaintiff, Sallie Twyman, by her counsel, E. Levi and Chas. F. Taylor, be and she is given leave to withdraw said sum of $1,480.00.62 from the funds in court. And it is further adjudged by the court that the said Sallie Twyman recover from the defendant, Edna F. Twyman, her costs herein expended, for which she may have execution.''

This court has established the rule that a beneficiary in an ordinary life policy, such as the one under consideration, in which the insured reserves the right to change the beneficiary at his pleasure, has no vested interest whatever in the policy or the proceeds thereof. The insured need not ask nor obtain the permission of the beneficiary in the policy to make a change, but may require the company to change the beneficiary, substituting the name of a person other than that first placed in the policy. It has been so held in the following cases: Landrum, et al. v. Landrum's Admrx., 186 Ky. 775; Wirgman v. Miller, 98 Ky. 624; Mutual Life Ins. Co. v. Twyman, 28 R. 1157.

It is said that owing to the vested right of a beneficiary unless the policy reserves to the insured the right to change the beneficiary, no such right exists. Of course where the policy reserves to the insured the right to change his beneficiary the person named as such in the policy acquires no vested right therein or the insurance which it represents, and so far as he is concerned the insured may make a substitution at will. 14 R. C. L. 1387; 14 Am. St. Rep. 519; L. R. A. 1915A 872. See also 25 Cyc. 785-892, 778.

We are persuaded that the trial court properly ruled that inasmuch as the insured, Twyman, notified the company of his desire to change the beneficiary and designated a new beneficiary, even conforming to all the requirements of the terms of the policy with which it was provided, and did all in his power to cause the change to be made, thus protecting the insurance company against double payment on the policy, the change was in effect

accomplished by the notation made by the company upon its books, supported by the affidavits and declarations of the insured, who alone had the right to change the beneficiary.

Judgment affirmed.