**KILLINGSWORTH et al. v. REMBERT NAT. BANK OF LONGVIEW et al. (No. 3721.)**

Court of Civil Appeals of Texas. Texarkana. July 11, 1929.

Rehearing Denied August 1, 1929.

804

J. H. T. Bibb and Scott, Casey & Hall, all of Marshall, for appellants.

P. O. Beard and Carey Abney, both of Marshall, and Young & Stinchcomb and W. C. Shoults, all of Longview, for appellees.

WILLSON, C. J. (after stating the case as above). The doctrine of marshaling invoked by appellants as applicable to their case and as supporting their contention that the trial court erred when he denied them relief they sought has been stated as follows: "If one party has a lien on, or interest in, two funds for a debt, and another party has a lien on, or interest in, one only of the funds for another debt, the latter has a right in equity to compel the former to resort to the other fund in the first instance for satisfaction, if that course is necessary for the satisfaction of the claims of both parties, whenever it will not trench upon the rights or operate to the prejudice of the party entitled to the double fund." 2 Story's Equity Jurisprudence (14th Ed.) 230; and see 5 Pomeroy's Equity Jurisprudence (2d Ed.) 5078; 38 C. J. 1365; 18 R. C. L. 454.

If appellants had a right to invoke the doctrine, it was because of the change made in the beneficiaries of the policies, evidenced by an endorsement thereon by the insurance company as follows: "The bene- ficiary under this policy has this day been changed from Ethel V. Killingsworth (wife) to Rembert National Bank, Longview, Texas (creditor), as their interest may appear, and the balance, if any, to Ida Jewell Killingsworth (granddaughter), Pearl Burns (daughter) and Hazel Latham (daughter), share and share alike, survivors or survivor," and because of the fact that the bank had liens on property other than the proceeds of the policies sufficient to pay Killingsworth's indebtedness to it.

Appellants' view of the matter seems to be that the effect of naming them as beneficiaries in the policies was to make them the owners of the proceeds thereof, subject alone to a right in the bank to resort to same for the satisfaction of Killingsworth's indebtedness to it, if the other security it held was insufficient for the purpose. We think that is an incorrect view, and that the naming of appellants as beneficiaries entitled them to claim only the part of said proceeds in excess of Killingsworth's indebtedness to the bank; and, it appearing that the amount of the proceeds was less than the amount of that indebtedness, that appellants never became the owners of any part of the proceeds. It will be noted that the bank was made the beneficiary to the amount Killingsworth might owe it when the policies were paid, and that appellants were made the beneficiaries only of "the balance, if any," remaining after said indebtedness to the bank was satisfied. It is true, as argued by appellants, that the effect of so construing the provision in the policies will be to deprive them of a fund which, but for such construction, could not be treated as assets of Killingsworth's estate and subject same to the payment of Killingsworth's indebtedness. But as we see it that is not a reason why the provision should not be so construed. Such a construction will not operate to take from appellants anything they had, but will accomplish the evident intent of the decedent to make the proceeds of the policies assets of his estate so far as necessary to pay his indebtedness to the bank.

As we view it, the case on its material facts is more like Andrews v. Life Insurance Co., 92 Tex. 584, 50 S. W. 572, and 24 Tex. Civ. App. 425, 58 S. W. 1039, than it is like any other of the cases cited by the parties. In that case the provision in the policy was as follows: "Upon the death of the insured (W. L. Andrews), the company agrees to pay said amount of insurance to A. P. Dyke, creditor, as his interest may appear; otherwise, executors or assigns of the insured." It was held on the first appeal of the case that to the extent of the indebtedness of Andrews at the time of his death to Dyke "the policy (quoting) never became payable to the executor or administrator of Andrews, and the

fund never became the property of the estate;" and on the second appeal, in affirming a judgment denying the administrator of the insured a recovery of anything on the policy, the court said: "The company was primarily liable, and bound to pay Dyke the amount of the policy on the debt, and the estate had no interest in the policy until that debt was fully satisfied. If there had been a residue after payment of the debt for which the policy was issued at the time of the death of the insured, the estate would be entitled to it; but it is shown that the amount due by the policy did not overpay the debt, and hence the estate has no interest in the policy, and is entitled to nothing therefrom." And see Landrum v. Landrum, 186 Ky. 775, 218 S. W. 274. It is true it did not appear in the Andrews Case, and did appear in this one, that the creditor had other security than the policy for the indebtedness of the insured to him, but whether the creditor had other security or not we think was not important in determining the legal effect of naming the creditor as a beneficiary in the policy.

It seems the case most relied upon by appellants in support of their contention is Farracy v. Perry (Tex. Civ. App.) 12 S.W.(2d) 651. There the beneficiary named in the policies joined the insured in an assignment thereof to a creditor of the insured. The assignment was in writing and provided that the interest of the creditor assignee was "limited [quoting] to said assignee's valid pecuniary claim against the assignors existing at the time of settlement of the policy the remainder of said policy, if any, being unaffected by this assignment." The case was unlike this one in the fact that in that one no change was made in the beneficiary named in the policy. The Court of Civil Appeals said the assignment to the creditor "was [quoting] by no means equivalent to his designation of another beneficiary," and held—correctly, we think—that on the death of the insured the expectancy of the beneficiary named in the policies "became [quoting] a vested right to the entire proceeds of said policies, subject only to the rights of the bank" (the creditor), which it was further held had only a lien on the policies.

At the trial, over appellants' objection, the court admitted testimony of a witness as to declarations made by Killingsworth at the time he had the insurance company to make the change in the beneficiaries named in the policies, tending to show that his purpose in having the change made was to have the proceeds of the policies applied to the payment of his indebtedness to the bank so far as might be necessary to satisfy same, and in that way protect lands he owned from liens the bank had to secure the payment of such indebtedness. Whether it was error to admit such testimony need not be determined;

for, if it was error, we think it should be treated as harmless. If the testimony had been excluded, we think the trial court properly could not have reached a conclusion different from the one he did reach.

The judgment is affirmed.