# Commonwealth Life Ins. Co. v. Buckner.

Feb. 6, 1940.

Cary & Abell for appellant.
Jouett & Metcalf for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

On November 26, 1919, the Commonwealth Life Insurance Company issued to Montgomery Gano Buckner a life insurance policy which provided on its first page:

"Commonwealth Life Insurance Company of Louisville, Kentucky, will Pay at its Home Office in the City of Louisville, Kentucky, the sum of Six Thousand Dollars, in Two Hundred and Forty monthly installments of Twenty-Five Dollars each, the first installment being payable immediately upon due proof of the death of Montgomery Gano Buckner (The Insured) and subsequent installments each month thereafter until 240 in all shall have been paid, unto Mary C. Buckner, Wife (The Beneficiary), if living, otherwise to the executors, administrators or assigns of the Insured.

"This contract is made in consideration of the application for this Policy, hereby made a part hereof, and the payment of the first premium of One Hundred Fifty-seven and 46/100 Dollars, and the payment of a like amount at the Home Office of the Company on or before the 26th day of Novem-

ber of each year during the continuance of this Policy.

"The Benefits and Provisions stated on the second page hereof form a part of this Contract as fully as if recited at length over the signatures hereto affixed."

On page two of the policy, under the caption "Unpaid Installments," is the following provision:

"In event the Policy becomes a claim and the death of the beneficiary occurs before all of the installments shall have been paid, then the remaining installments, if any, will be paid to the executors, administrators or assigns of the beneficiary, or they may be commuted and paid in one sum. In such an event the payment of Two Hundred and Forty (240) installments in all shall terminate the liability of the Company under this Policy."

The insured died July 21, 1931, and the company paid to the beneficiary, Mary C. Buckner, $25 each month until her death on November 3, 1939. It paid to her in all 99 installments of $25 each. After the death of Mary C. Buckner, her son, Allen Buckner, qualified as her administrator and filed with the Commonwealth Life Insurance Company proofs of her death and demanded that the company pay to him, as such administrator, the remaining 141 installments, or their commuted value. The company declined to accede to the demands of the administrator of the estate of the beneficiary on the ground that under a proper interpretation of the provisions on page one of the policy it was the intention of the parties to the insurance contract to provide that the beneficiary should receive $25 a month until she had been paid 240 installments, but that if she died before all of the installments had been paid then the subsequent installments should be paid to the executors, administrators or assigns of the insured. Thereupon, the administrator of the beneficiary brought this action against the company to recover the remaining installments, or their commuted value, and asked for a declaration of the rights of the parties. The circuit court entered a judgment requiring the Commonwealth Life Insurance Company to pay the remaining installments, or their commuted value, to the administrator of Mary

C. Buckner, the beneficiary named in the policy, and the company has appealed.

Appellant argues that the provisions of the policy are inconsistent, and that if the provision on page one controls then the monthly installments due after the death of the beneficiary should be paid to the personal representative of the insured. We find no ambiguity or inconsistency in the provisions of the policy. Even though the provision under the caption "Unpaid Installments," found on page two of the policy, had been omitted, yet the provisions on page one of the policy vested the entire proceeds of the policy in Mary C. Buckner if she survived the insured. The phrase "if living" referred to the date of the death of the insured. But if there is any doubt as to the correctness of this interpretation of the provisions on page one of the policy, it is removed and the intention of the parties made clear by the provision on page two under the caption "Unpaid Installments." The policy specifically provides that "the Benefits and Provisions stated on the second page hereof form a part of this Contract as fully as if recited at length over the signatures hereto affixed."

In arriving at the intention of the insured in respect to the beneficiaries under the policy of life insurance, especially when they are members of his family, the instrument must be read as a whole and its language should receive as nearly as possible, the same construction as if used in a will. Landrum v. Landrum's Adm'x, 186 Ky. 775, 218 S. W. 274; Supreme Council C. K. A. v. Densford, 56 S. W. 172, 21 Ky. Law Rep. 1574, 49 L. R. A. 776; Robinson v. Duvall, 79 Ky. 83, 42 Am. Rep. 208; Duvall v. Goodson, 79 Ky. 224; Shields v. Barton, 7 Cir., 60 F. (2d) 351; McNally v. Metropolitan Life Insurance Company, 199 Pa. 481, 49 A. 299; Lehman v. Lehman, 215 Pa. 344, 64 A. 598. When the provisions of the policy are read together, there can be no doubt that it was the intention of the insured that the entire proceeds of the policy should vest in the beneficiary if she survived him.

The judgment is affirmed.